IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KASSANDRA SINGLETON,** | ) | CASE NO. 1:22 CV 1181 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **DEBORAH MCDONALD, et al.,** | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Kassandra Singleton filed this action under 42 U.S.C. § 1983 and the Equal Pay Act. Plaintiff also asserts that she was subjected to a hostile work environment, which the Court liberally construes as a claim asserted under Title VII, 42 U.S.C. §2000e. She alleges that the City of Cleveland and their employees Deborah McDonald and Dean Jenkins failed to pay for accrued compensatory time and subjected her to undeserved disciplinary actions which eventually resulted in the termination of her employment. She claims that the Defendants denied her the right to confront her accusers in violation of the Sixth Amendment of the United States Constitution, refused to pay her compensatory time in violation of the Equal Pay Act, and engaged in harassing behaviors to create a hostile work environment. She seeks return to her former employment position, compensatory damages, and injunctive relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

I.     Background

Plaintiff's complaint contains the following factual statements. (Doc. No. 2). Plaintiff alleges she was hired to work as a bailiff in the Cleveland Municipal Court in July 2000. She

worked four days per week and ten hours per day, Tuesday through Friday. In 2008 the bailiffs were absorbed into the probation department. She indicates she was hired as a probation officer in 2017. She does not indicate her assigned hours as a probation officer or whether she was a salaried or hourly employee. She claims that in November 2014, her employer instructed her to provide an individual named "Kathy" with a summary of current compensatory time. Plaintiff does not allege, what if any, compensatory time had been authorized and accumulated at that point. She contends that when she was not paid for four months she complained to her immediate supervisor. Again, she does not specify whether she was not paid for accrued compensatory time or whether she was not paid her regular wages for four months. She states that after she complained that money was owed to her, her supervisor indicated on her review that her performance was deficient and recommended an extension of her probationary period for an additional sixty days. She appealed that decision to the Human Resources Department. The Human Resources Liaison overturned the performance description as deficient, and Plaintiff did not receive an adverse employment action.

In November 2019, Plaintiff asked probation chief Dean Jenkins about payment for the compensatory time and asked to return to her original work hours. Jenkins approved the request to return to her work hours and Plaintiff was assigned to work Tuesday through Friday for ten hours per day. She filed a Conflict Resolution pertaining to the compensatory time in December 2019. Soon after the filing, her supervisor resigned, and she was reassigned to another supervisor. She raised her concerns about compensatory time to her new supervisor who referred her to Manager Deborah McDonald. She claims McDonald was dismissive of her inquiries.

In March 2020, the COVID-19 pandemic caused the shutdown of many offices. Plaintiff states she applied for permission to work from home, but her supervisor did not sign the form.

Plaintiff states that without the signature she could not be paid. She states she applied for emergency sick leave and FMLA. She states her supervisor also did not sign these forms, so she worked without pay. She does not indicate the length of time she was in this alleged situation.

Plaintiff indicates she began to have disagreements with her supervisor in November 2020. She indicates she sent an email to her supervisor telling him he was changing her reports without communicating with her in violation of the Judge's order. In December 2020, her supervisor sent her a copy of an incident report generated by McDonald. Plaintiff does not state the nature of the incident that was said to have occurred. She contends only that McDonald called a female client whom she was monitoring to obtain information. She, however, was unable to substantiate that the individual sustained any physical, mental, or emotional injuries from the unspecified incident and no further action was taken. Jenkins, however, reassigned her to a supervisor at the east side office. In April 2020, she was assigned to another supervisor at the east side office. Plaintiff claims that supervisor began to change her reports. When she complained, a meeting was held, but Plaintiff makes no further related averments except to assert the east side office eventually was closed, and all employees were moved downtown.

On June 10, 2022, Plaintiff's supervisor gave her a pre-disciplinary hearing alleging that she had provided a probationer with legal advice in violation of the court's ethical rules. Her employment was terminated on June 17, 2022, based on these allegations.

Plaintiff indicates she filed two complaints with the Equal Employment Opportunities Commission ("EEOC"). Her first Complaint was filed in November 2020. She received a Right to Sue letter alleging workplace harassment and intimidation. She claims she could not find local counsel to represent her so she allowed the ninety day deadline to file a Complaint to elapse. She filed a second Complaint with the EEOC in November 2021. This Complaint

appears to have been based on the Equal Pay Act. She received a Right to Sue letter on May 24, 2022.

Plaintiff's Complaint asserts three causes of action before this Court. In Count 1, she claims that the Defendants reacted to unsubstantiated allegations to determine that she committed ethical violations without giving her the opportunity to confront her accusers before her employment was terminated. She contends this is a violation of her Sixth Amendment rights. In Count 2, she alleges that the Defendants retaliated against her when she asked management to pay her compensatory time for 50 weeks that she worked Saturdays. She calculates that each Saturday she should have been paid $123.00 for a total of $6,150.00. She claims Jenkins's refusal to authorize compensatory time is a violation of the Equal Pay Act. Finally, in Count 3, she asserts that the Defendants created a hostile work environment by harassing her and sabotaging her work to make her appear incompetent. She asks this Court to order the Defendants to reinstate her to her former employment position, enjoin the Defendants from harassing her and retaliating against her and awarding her compensatory damages in the amount of $500,000.00.

## II.     Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff has not identified a viable cause of action. She first claims the Defendants violated her rights under the Sixth Amendment Confrontation Clause. The Sixth Amendment explicitly states that it is applicable only in criminal proceedings. Plaintiff's employment dispute is not a criminal action. She next asserts a claim under the Equal Pay Act ("EPA"). The EPA prohibits employers from discriminating between employees on the basis of sex by paying wages to employees at a rate less than employees of the opposite sex. *See* 29 U.S.C. § 206(d)(1). Plaintiff does not allege or even imply that male employees performing the same work with the same experience were paid more than the female employees. The EPA does not apply in this case. Similarly, the Court liberally construes Plaintiff's claims for hostile work environment as arising, if at all, under Title VII. Title VII, however, is not "a general civility code for the American workplace." *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 533 U.S.75, 80 (1998)). To state a claim under Title VII,

the critical issue is whether employees are exposed to disadvantageous terms or conditions of employment based on their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). *Oncale*, 533 U.S. at 80 (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 25 (1993)). Again, Plaintiff does not allege any facts suggesting that her employer took unfavorable actions against her based on her membership in any of these protected classes. She fails to state a plausible claim for relief under Title VII.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: November 4, 2022